Kunkle, J.
The city of Columbus brought this action against The Ohio State Telephone Company to enjoin the telephone company from putting into effect a proposed increase of its annual charge upon business telephones from $40 to $54 per annum, less a discount of $3 for payment in advance.
The petition alleges that the telephone company is operating under a franchise, ordinance and contract dated and taking effect in the year 1899 and continuing for a definite period of twenty-five years. The ordinance provides for the construction and maintenance of at least five miles of conduits and such extension of the conduit system as might be required by the city after five years from the completion of the exchange.
Under the ordinance and contract, the original telephone company, to whose rights the defendant succeeds, agreed that its charges for business telephones should not exceed $42 per annum, and also that if the city at any time after five years from the installation of the exchange required the company to place additional vyires under ground the charges *234 for rentals above set forth might be equitably increased, but not exceeding one dollar per month per telephone in excess of the charges above stipulated.
The petition alleges that the defendant entered upon and constructed its plant in the streets, alleys and avenues of the said city and has constructed and now maintains more than twelve and one-half miles of underground conduits, and that the city at no time has required or demanded that the telephone company lay additional conduits over and above the five miles originally provided for in the ordinance. The city, therefore, contends that the telephone company has no authority to increase its telephone charges upon business telephones above the $42 per annum provided for in the ordinance.
An answer was filed, in which the defendant, among other things, admits the terms and provisions of the ordinance and that it is operating under said ordinance. It admits that it has constructed approximately ten miles of additional conduits, which it is now maintaining as a part of its telephone system, and that it proposes to raise the schedule of rates on business telephones to the sum of $54 per annum, less a discount of $3 for payment in advance; and it denies each .and every other allegation.
The defendant sets out four additional defenses.
By the first defense it is claimed that the city of Columbus had no legal right to fix the telephone rates to subscribers and that such provision in the ordinance and contract was without consideration.
The second defense alleges, in substance, that the only authority to fix telephone rates is vested in *235 the Public Utilities Commission, under Section 614-2 et seq., General Code; that the telephone conn pany on the first day of January, 1917, filed its proposed schedule of rates with the Public Utilities Commission, to become effective February 1, 1917, and that no objections, protest or complaint having been filed with the Public Utilities Commission to said rates the same are now the only lawful rates which the defendant is authorized or permitted to charge.
The third defense alleges, in substance, that the city through its duly authorized officers and agents, subsequent to the passage of the franchise ordinance, from time to time notified this defendant to remove its poles and fixtures from certain streets, alleys and public ways and to place the same in conduits beneath the surface of said streets, and that in obedience to said orders and notices the defendant from time to time constructed more than ten trench miles of conduits in addition to the five miles originally provided for in the ordinance, and has leased approximately three trench miles of conduits, in all of which it has placed and maintained its telephone wires in the operation of its plant. The defendant, therefore, claims the right to increase the charges upon business telephones up to the maximum of fifty-four dollars per annum, as provided in the ordinance.
The fourth defense, in substance, avers that the telephone plant in the city of Columbus has increased in cost and expense far beyond what was contemplated by the parties at the time the franchise ordinance and contract became effective, making the operation of the plant under the franchise *236 rates unprofitable and causing a loss to the company of substantially $60,000 per. annum, and that by reason of such unanticipated situation the telephone company is entitled to have the ordinance rates disregarded and equitable rates established in view of existing conditions.
The plaintiff demurred separately to the defenses numbered one, two, three and four of the answer, and also to all of the answer, for the reason that the facts stated therein do not separately or jointly constitute a defense.
The demurrer was presented in the court of common pleas. The court of common pleas, in searching the record found that the petition was defective and sustained the demurrer to the petition and dismissed the action. From this final judgment appeal is taken to this court.
The case is submitted here upon the demurrer to the answer and also upon a motion for a temporary injunction.
In support of the claim that the petition is insufficient to constitute a cause of action, it is claimed that the council of the city of Columbus had no authority to fix the rates and that the acceptance of such franchise, including the rates, was not binding as a contract, because there was no consideration.
It must be observed that as.a controlling feature the city of Columbus by the franchise ordinance in' controversy granted not only the right to maintain an overhead telephone system, but to maintain conduits in the streets, alleys and public places.
The latter feature, we think, constitutes such a grant as would afford a consideration for the fixing of rates in the franchise ordinance.
*237 In the case of Zanesville v. Gas Light Co., 47 Ohio St., 1, it was held that the fixing of rates by a gas company in the franchise ordinance was valid. That a right to the use of the streets furnished a valid consideration for the agreement of the company fixing prices at which a commodity was to be furnished to the city and its inhabitatnts.
This doctrine was followed .in the case of City of Columbus v. The Columbus Gas Co., 76 Ohio St., 309, and was extended so as to include a stipulated sum to be paid to the city as compensation for the use of streets.
In the recent case of The Columbus Citizens Telephone Co. v. The City of Columbus, 88 Ohio St., 466, the principle of the Gas Company cases was extended to the case of a telephone company which obtained in the franchise the right to the use of the streets for conduit purposes.
The case of Farmer et al. v. The Columbiana County Telephone Co., 72 Ohio St., 526, is limited to the case of a telephone company which obtains the franchise to operate merely an overhead telephone system, and does not apply to the case of a telephone company obtaining the use of the streets and alleys for a conduit system.
.The right of a municipality to require a telephone or other public utility company to fix rates in consideration of a franchise to use the streets, especially the subsurface, is amply sustained by the weight of authority in other jurisdictions. 3 Dillon on Municipal Corporations (5 ed.), 1952; Pond on Public Utilities, Section 431, and 4 McQuillin on Municipal Corporations, Section 1741, and cases cited.
*238 We are therefore of opinion that under the facts stated in the petition the provision of the franchise ordinance fixing the telephone rates is valid and may be enforced by the city in its own behalf and in behalf of the consumers located within its corporate limits.
We therefore proceed to consider the sufficiency of the defenses numbered one, two, three and four of the answer.
Defense number one challenges the validity of a franchise provision fixing rates, upon the ground that there is no consideration. This proposition has already been discussed. That defense, in our opinion, is insufficient.
Defense number two relates to the filing of the rates with the Public Utilities Commission. Upon consideration of this defense, we have reached the conclusion that The Public Utilities Act does not apply to the ordinance under consideration, for the reason that this ordinance grants a franchise fixing the rates for a definite period. See Section 614-19, General Code; Village of New Lexington v. Ohio Fuel Supply Co., 24 C. C., N. S., 537, and Taylor v. Niles, Recr., 21 C. C., N. S., 391.
We think this is also in harmony with the opinion of the supreme court in the case of The City of Cincinnati v. The Public Utilities Commission, 96 Ohio St., 270, decided May 15, 1917.
We think the third defense alleging the extension of the. conduit system under notices and orders from the duly authorized officers and agents of the city of Columbus constitutes a good defense, and, if true, would authorize the company to increase its rates equitably above the $42 per annum provided *239 in the franchise ordinance, not to exceed $12 per year.
We think the fourth defense in relation to the unanticipated cost and extension of the service is not a good defense.
The company accepted the ordinance, and its right to maintain this system, including conduits, is based thereon. Whether the company might under the situation set forth in this defense surrender its entire franchise we are not called upon to consider, but having accepted the franchise, including the provision as to the rates, we think that it is not now justified in disregarding the provision as to rates and retaining the favorable provisions of the ordinance.
We are therefore of opinion that the demurrer should be sustained to so much of the answer as is embraced under numbers one, two and four and overruled as to so much 'of the answer as is embraced under number three.
In respect to the motion for a temporary injunction we have considered the affidavits filed by the city in connection with those filed by the defendant in the court below. We have reached the conclusion that the question as to whether all or a part of the extensions of the conduit system over and above the five miles provided for in the ordinance was made by notice or request of the city is quite involved, and we do not deem it advisable to pass upon this question of fact upon the affidavits before us, but think, as a matter of public convenience, that no interference should be made by a temporary injunction at this time but that the case should be put at issue and tried and determined upon its merits.
*240 The motion for a temporary injunction is therefore overruled. The demurrers to the first, second and fourth defenses of the answer will be sustained, and as to the third defense the demurrer will be overruled.

Judgment accordingly.

Allread and Ferneding, JJ., concur.